# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1008V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MIGUEL LEAL, JR.,

                Petitioner,

          v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Filed: July 6, 2021

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Jeffrey S. Pop,* Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.

*Mollie Danielle Gorney*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On July 26, 2017, Miguel Leal filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered a shoulder injury related to vaccine administration, as a result of receiving a vaccine for influenza administered on September 21, 2016. ECF No. 1 at 2-3.

Although the matter went to hearing in September 2020, the parties later filed a stipulation

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

in February 2021 settling the case and detailing the amount to be awarded to Petitioner. I subsequently issued a decision finding the parties' stipulation to be reasonable, and granting Petitioner an award as outlined in the stipulation. *See* Decision, dated Feb. 2, 2021 (ECF No. 69).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, filed June 30, 2021. (ECF No. 74) ("Fees App."). Petitioner requests a final award of $68,747.66 in attorney's fees and costs for the work of two attorneys (Mr. Jeffrey S. Pop and Ms. Alexandra B. Pop) as well as the supportive work of various law clerks. *Id.* at 3. Respondent reacted to the fees request on July 1, 2021. *See* Response, dated July 1, 2021 (ECF No. 75). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers calculation of a proper amount to be awarded to my discretion. *Id.* at 2, 3.

**ANALYSIS**

I.      **Reasonable Attorney's Fees**

Under the Vaccine Act, successful petitioners are entitled to an award of reasonable attorney's fees and costs. Section 15(e)(1). Thus, the only question posed herein is the magnitude of the award to be issued.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs*., 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception) – circumstances not applicable herein, since the lawyers in question practice in the D.C. region. *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established general hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program, along with the standards for evaluating where counsel should fall within the ranges. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based upon when the work was performed:

|  | **2018** | **2019** | **2020** |
|---|---|---|---|
| Jeffrey S. Pop, Esq. | $420 | $453 | $470 |
| Alexandra B. Pop, Esq. | $225 | $262 | $295 |
| Law Clerks | $125 | $138 | $150 |

*See* Fees App. at 3.

Mr. Pop and his associates (who practice in Beverly Hills, California) are considered "in forum," and are therefore entitled to the rates established in *McCulloch*. The rates requested for Mr. Pop and Ms. Pop (as well as the law clerk work performed in this case) are also consistent with what they have previously been awarded in accordance with the Office of Special Masters' fee schedule.[3] *See, e.g., Milano v. Sec'y of Health & Hum. Servs.*, No. 16-773V, 2019 WL 927042 (Fed. Cl. Spec. Mstr. Jan. 25, 2019); *Morrison v. Sec'y of Health & Hum. Servs.*, No. 16-526V, 2017 WL 6889720 (Fed. Cl. Spec. Mstr. Nov. 28, 2017). I therefore find no cause to reduce them in this instance.

I otherwise deem the time devoted to the matter to be reasonable, and will award all time requested herein, calculated at the rates identified in Petitioner's motion.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $14,210.36 in costs, including the expert fees of Dr. Younger (at a rate of $450 per hour totaling $6,080.20), expenses of medical record retrieval, travel expenses, and filing fees. *See* Fees App. at 6, 76-80. Such costs are either common to Vaccine Program cases or were

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Jan. 5, 2021).

specifically required herein in connection with the trial of this matter, and thus shall be awarded in full without reduction.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I award a total of **$68,747.66**, reflecting $54,537.30 in attorney's fees and $14,210.36 in costs, in the form of a check made jointly payable to Petitioner and his attorney, Mr. Jeffrey Pop.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.